**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LORENZO ANDERSON,
             Appellant,

     v.

DEPARTMENT OF THE ARMY,
             Agency.

DOCKET NUMBER
AT-0752-21-0159-X-1

DATE:  February 21, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher Hugh Bonk, Esquire, Silver Spring, Maryland, for the
     appellant.

Steven J. Phillips and Jerrod Fussnecker, Esquire, Fort Jackson, South
     Carolina, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The administrative judge issued a compliance initial decision finding the
agency in noncompliance with the decision in the underlying appeal and granting
the appellant's petition for enforcement.  *Anderson v. Department of the Army*,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly
to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders
have no precedential value; the Board and administrative judges are not required to
follow or distinguish them in any future decisions.  In contrast, a precedential decision
issued as an Opinion and Order has been identified by the Board as significantly
contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

MSPB Docket No. AT-0752-21-0159-C-1, Compliance File, Tab 27, Compliance Initial Decision (CID). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

### DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

On April 18, 2024, the administrative judge issued a compliance initial decision finding the agency noncompliant with the Board's final order in the underlying matter, which had reversed the appellant's removal. CID at 1; *see Anderson v. Department of the Army*, MSPB Docket No. AT-0752-21-0159-I-2, Appeal File, Tab 23, Initial Decision. Specifically, the administrative judge found the agency noncompliant with its obligations to take the following actions: "(1) restore the appellant to his previous position of Supervisory Human Resources Specialist (Military), GS-0201-11 (PD# DU210310); (2) expunge all references to the canceled removal from the appellant's personnel records; (3) correct and/or issue appropriate performance ratings for [Fiscal Year (FY)] 2020 through FY 2023; and (4) pay the appropriate performance awards based on those ratings." CID at 9.

As neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114, the administrative judge's findings of noncompliance have become final, and the appellant's petition for enforcement has been referred to the Board for a final decision on compliance pursuant to 5 C.F.R. § 1201.183(c).[2] *See* 5 C.F.R. § 1201.183(b).

---

[2] As noted in the compliance initial decision, the Board's regulations provide that, on a finding of noncompliance, the party found to be in noncompliance must do the following: (i) to the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and/or (ii) to the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-1201.115. 5 C.F.R. § 1201.183(a)(6).

On May 29, 2024, the Clerk of the Board issued an Acknowledgement Order informing the parties of the continued processing of this matter and setting forth deadlines for additional compliance submissions. *Anderson v. Department of the Army*, MSPB Docket No. AT-0752-21-0159-X-1, Compliance Referral File (CRF), Tab 1. Thereafter, the parties filed numerous substantive submissions addressing the compliance issues identified by the administrative judge. CRF, Tabs 2-5, 8, 10-11, 14. As explained below, we find that the agency has satisfied its burden to demonstrate that it has fulfilled its compliance obligations.

## ANALYSIS

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

Restoration to Position of Supervisory Human Resources Specialist (Military)

The administrative judge found that the agency had failed to properly restore the appellant to his position because it had placed him in a new, nonsupervisory position with different duties from those he held in the supervisory position from which he was removed. CID at 3-4. The administrative judge held that the agency

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

had failed to demonstrate that it had a "strong, overriding or compelling reason" for this reassignment, CID at 4, and ordered the agency to restore him to the specific position he formerly occupied, CID at 9.

In his pleadings before the full Board, the appellant acknowledged that the agency has now returned him to his former position of record, CRF, Tab 3 at 4, but asserted that the agency has failed to provide him required training on various Human Resources (HR) and other systems; that his supervisor, Lieutenant Colonel (LTC) Hultgren, performs his "core duties," including training other individuals on the HR and other systems in lieu of the appellant performing such training; and that other individuals attend HR meetings that he should attend as a supervisory HR specialist. *Id*. at 4-6.

In response, the agency submitted affidavits from LTC Hultgren attesting that the appellant has access to the required trainings but has failed to do them despite multiple reminders; that she properly attends certain meetings as the appellant's supervisor and attends other meetings if they are of interest or utility to her; and that the appellant has been added to the required meetings and distribution lists. LTC Hultgren also denied that she has assigned the appellant's duties to any other individual and explained that the appellant has a subordinate who assists him with his work, as well as a second subordinate who performs various other duties. CRF, Tab 4 at 9-12. She further explained that several of the duties the appellant insists were removed from his purview were, in fact, removed from his position's area of responsibility due to a realignment of agency processes prior to his restoration. LTC Hultgren asserted that the appellant's belief that his duties were removed stems from his continued misunderstanding of the current functions and duties of his position, and his failure to carry out her repeated instructions regarding his current functions and duties. CRF, Tab 14 at 12-17.

In subsequent pleadings, the appellant complained that he lacked time to complete the trainings and that he requires additional training. CRF, Tab 5 at 7-8; CRF, Tab 10 at 6. He did not rebut LTC Hultgren's affidavit regarding the

evolution of the duties and functions of his position or her expectations of how he performs his duties.

Having evaluated these pleadings, we conclude that the agency has demonstrated by preponderant evidence that it has restored the appellant to the correct position. *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). The agency's thorough rebuttal of the training and duties issues raised by the appellant is persuasive. To the extent friction remains between the appellant and the agency regarding how he performs his duties or satisfies his training responsibilities, these do not preclude finding compliance regarding his restoration. The Board's role in an enforcement proceeding such as this does not involve supervising the minutiae of personnel oversight or mediating performance disputes.

Expungement of Removal References from Personnel Records

The agency asserted, without contradiction, that it has now expunged from its personnel records all references to the appellant's removal and post-restoration directed reassignment to a non-supervisory position (which, as the compliance initial decision explained, improperly occurred in lieu of restoration to the appellant's pre-removal position of record). CRF, Tab 2 at 5, 9. Accordingly, we find the agency compliant on this issue.

The parties contest whether the appellant remains barred from the Fort Jackson base and whether the base security or other records contain references to the current or former bar or to threats allegedly made by the appellant. *E.g.*, CRF, Tab 3 at 6-7. These issues were not addressed by the compliance initial decision, which provided four specific areas of relief without mentioning the alleged bar dispute. The appellant did not file a petition for review of the compliance initial decision, and he thus is bound, for purposes of the instant compliance referral proceeding, by the findings therein. *See* 5 C.F.R. § 1201.183(b)(2). As relevant here, the compliance initial decision findings related to noncompliance only for the four specific issues identified by the administrative judge. If the bar or other compliance issues remain ongoing, the appellant may file a new petition for

enforcement with the appropriate regional office, pursuant to 5 C.F.R. § 1201.182. We make no findings at this juncture regarding whether such filing would be timely.

Correction of Performance Appraisals for FYs 2020 through 2023

The agency submitted evidence that it issued the appellant appropriate performance appraisals for FYs 2020 through 2023. CRF, Tab 4 at 7, 17-18. The appellant did not contest that new or corrected performance appraisals were issued but asserted that the personnel system contained incomplete or inaccurate appraisals for FYs 2019, 2020, and 2021. He also complained that performance appraisals from years prior to FY 2019 were incomplete or missing. CRF, Tab 5 at 6.

The compliance initial decision addressed only performance appraisals for FYs 2020 through 2023. Accordingly, the appellant's objections to performance appraisals for FY 2019 and prior are outside the scope of this enforcement proceeding and do not preclude a finding of compliance. Regarding the appraisals for FYs 2020 and 2021, the agency asserted in subsequent pleadings that it had expunged them. CRF, Tab 8 at 6, Tab 14 at 4. The appellant did not submit a rebuttal. Accordingly, we find the agency compliant on this issue.

Payment of Appropriate Performance Awards for FYs 2020 through 2023

Finally, the agency submitted evidence that it calculated and paid the appellant performance awards for FYs 2020 and 2023. CRF, Tab 4 at 7, 17-18. The appellant has not disputed this contention. Accordingly, we find the agency compliant on this issue.

In light of the foregoing, we find that the agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).   The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[4]**

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C.

§ 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____

Gina K. Grippando

                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.